José A. Sánchez, Plaintiff and Appellant, *v.* The Asiatic Petroleum Company, Defendant and Appellee.

No. 4300.   Argued May 23, 1928.—Decided July 26, 1929.

*E. Márquez Huerta,* for appellant.   *Diego O. Marrero, J. Sifre Jr.* and *H. Franceschi,* for appellee.

Mr. Justice Aldrey delivered the opinion of the court.

José A. Sánchez, 69 years of age, was walking on a December morning along the road leading from San Juan to Cataño, Bayamón and Guaynabo, pushing a handcart on the right-hand side of the road and close to the ditch, when he was struck and thrown down by a motor truck of the kind used for the transportation of gasoline or kerosene and going in the same direction. To make room for a passing automobile, the truck was driven very close to the right of the road by its driver, without any warning to Sánchez. The truck proceeded on its way without stopping and Sánchez was lifted from the ground by some people with three ribs fractured, and in consequence thereof had to be taken to a hospital and remain there for some time. He is now incapacitated for heavy work. The truck had a painted sign on it with the name "The Asiatic Petroleum Company," which does business in this Island and has this vehicle registered in its name in the Department of the Interior. These facts were alleged in the complaint filed by José A. Sánchez against The Asiatic Petroleum Company, claiming $1,800 as damages and alleging also that he was earning $1.50 per day; all of which was proved at the trial.

At the trial the plaintiff failed to introduce evidence to

the effect that the person who was driving the truck at the time of the accident was an employee of defendant or that he was acting within the scope of his employment, and for that reason defendant rested and moved for judgment in its favor on the ground of the insufficiency of plaintiff's evidence, as to the above particulars, to sustain a judgment for plaintiff. The court sustained the motion for nonsuit and rendered judgment dismissing the complaint. Plaintiff has taken an appeal from that judgment, chiefly on the ground that it was not incumbent upon him to present evidence showing the above-mentioned particulars in order to recover.

Where a person or his property is negligently injured on the highway by a vehicle belonging to a business or undertaking the injured party is not required to prove directly that such vehicle was being operated at the time by an employee of such business or undertaking and that such employee was acting within the scope of his employment. It is not a presumption resting on another presumption, as the appellee contends, since the presumption *juris tantum* in the present case that the truck belonged to the appellee rests on the fact that the vehicle is registered in appellee's name, whereas the similar presumption of its being operated by one of its employees in the performance of his duties as such employee arises from another fact, namely, that the vehicle was operated at the time by a person on the highway. It can not be required of a person who suffers injuries of the character shown herein, to ascertain and prove directly facts which very often are not within his knowledge. Justice would completely fail if such proof were required, because it is logical to assume, until the contrary is shown, that ordinarily the vehicles used in a business or undertaking are operated by the owner, or his employees in the performance of their duties. Thus, in *Ramos de Anaya* v. *López,* 36 P.R.R. 451, 452, where it was shown that defendant's truck was operated by one of his employees but it had not been directly proved that he was acting within the scope of his

employment, we held that such proof was unnecessary because "when a truck collides with another car on the road it will be presumed that the person in charge of the truck was acting within the scope of his duties."

It is true, as the appellee urges, that it is incumbent on the plaintiff to prove all the elements constituting his cause of action, but this does not mean that he must submit direct evidence in regard to all such elements where, as happens in the present case, some of them are established by presumptions arising from certain facts. A rebuttable presumption need not be proved as a fact by plaintiff.

For the foregoing reasons, the trial court erred in rendering judgment for the defendant. As the judgment must be reversed and since the defendant has affirmatively waived the introduction of evidence, resting its defense on the ground that the plaintiff had failed to prove his case, and as we consider that $1,800 would be a reasonable award, judgment will be rendered reversing the judgment appealed from and adjudging that the plaintiff recover from the defendant the sum of $1,800 as claimed, with costs.